[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 06-10332
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
January 3, 2007
THOMAS K. KAHN
CLERK

D. C. Docket No. 04-80827-CV-WPD

ROY DIXON,

Plaintiff-Appellant,

versus

RIC L. BRADSHAW,
Sheriff, of Palm Beach County Sheriff's Office,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(January 3, 2007)

Before ANDERSON, BARKETT and WILSON, Circuit Judges.

PER CURIAM:

Roy Dixon, acting *pro se*, appeals the district court's order of summary judgment in favor of his former employer, the Palm Beach County Sheriff's Office, on his claims of race discrimination, negligent misrepresentation and constructive discharge brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1). The Sheriff's Office denied Dixon a transfer to a correctional officer position in the Vehicle Maintenance Department after he was rated poorly by an interview panel. Dixon later quit his position after being asked to substitute for an officer in Vehicle Maintenance. After a careful review of the parties' briefs and the record, we affirm the district court's decision.

We review orders granting summary judgment *de novo*. *Vessels v. Atlanta Indep. Sch. Sys.*, 408 F.3d 763, 767 (11th Cir. 2005) (per curiam). Summary judgment is appropriate when there is no genuine issue as to any material fact entitling the moving party to judgment as a matter of law. *Id.*

Under *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973), once Dixon establishes the prima facie case for disparate treatment, the burden shifts to the Sheriff's Office to articulate a legitimate nondiscriminatory basis for the employment action. Once the Sheriff's Office has met its burden, Dixon then must show these proffered reasons are pretextual. *See Vessels*, 408 F.3d at 767-68. Even if Dixon is correct that the failure to transfer

2

him was an adverse employment action, he has failed to establish pretext to rebut the Sheriff's Office's proffered legitimate reason that another officer was more qualified because that officer scored higher during interviews. Dixon points to the use of the oral examination procedure and alterations to his score sheet after his interview; however, there is no evidence that either of these actions were motivated by racial animus. Dixon also alleges that two interviewers scored him unfairly. Even if this is true, there is no evidence that this conduct was based on Dixon's race. Finally, Dixon's suggestion that Manny Perez's statements and actions demonstrate pretext is without merit because Perez was not a decisionmaker in the second interview process.

Dixon has failed to establish a negligent misrepresentation claim since he can neither show that the Human Resource department made statements with the knowledge of their falsity nor that any injury resulted from his reliance on such statements. *See Souran v. Travelers Insurance Co.*, 982 F.2d 1497, 1503 (11th Cir. 1993) (listing the elements of a negligent misrepresentation claim under Florida law). Dixon similarly failed to establish a claim for constructive discharge because he did not show the conditions of his work environment were so intolerable that the conditions compelled resignation. *See Hill v. Winn-Dixie Stores, Inc.*, 934 F.2d 1518, 1527 (11th Cir. 1991).

3

Accordingly, we find summary judgment was appropriate on Dixon's claims, and we affirm the district court's order.

**AFFIRMED.**